COMMONWEALTH OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.* PEDRO SANTIAGO NORIEGA ET AL., Defendants and Appellants.

No. 10785.  Argued March 25, 1953.—Decided April 15, 1953.

*Armando A. Miranda* for appellants.  *José Trías Monge, Secretary of Justice, Clemente Pérez Martínez* and *Félix Sojo Granado, Assistant Attorneys General,* for appellee.

Per Curiam.  This case involves a motion to dismiss the appeal taken from the judgment entered in a condemnation proceeding by the Superior Court of Puerto Rico, Eminent Domain Section.  Dismissal is requested (1) for failure to perfect the appeal pursuant to law, (2) for lack of diligence in its prosecution.

The judgment appealed from was entered on August 1, 1952.  The defendants-appellants moved for reconsideration and it was denied.  They appealed on the 28th of that month,

and on September 12 filed a motion requesting that the stenographer be directed to prepare the transcript of the evidence and order was entered to that effect on the 29th of said month. Subsequently, and upon motion of the defendants-appellants, the court *a quo* granted three extensions of time, of thirty days each, for the preparation and filing of the transcript. The last extension was granted on January 23, 1953, and after the expiration thereof, defendants-appellants, in a motion of March 2 of that year, requested a fourth extension, of thirty days also, which was denied.

██ The "Rules of Administration for the Court of First Instance of the Commonwealth of Puerto Rico" were approved by this Court to take effect on February 1, 1953. When the extension denied by the court *a quo* was asked for, said Rules were already in effect, and had been for a month. Rule 13 reads in part as follows:

". . . Except for good cause, the period of time for preparation of a transcript shall not be extended unless the interested party has deposited previously with the Secretary the fees of the stenographer within twenty (20) days after notification of the order of court. . . ."

When said extension was requested, the defendants-appellants had not deposited with the clerk the stenographer's fees, and on March 11, 1953, when the motion to dismiss the appeal was filed in this Court, they had not yet done so. The motion praying for said extension was denied by the following order entered on March 9, 1953:

"In the case at bar counsel for the defendants filed a motion praying that the court stenographer be ordered to prepare the transcript of the evidence filed at the hearing of the case, and the court, on September 29, 1952, ordered the stenographer to prepare said transcript. On November 20, 1952, the defendants moved for, and the stenographer was granted, an extension to comply with the order entered in September, said extension to expire on December 20, 1952. On December 23 of the same year, and notwithstanding that three days in excess of the extension granted had elapsed, the court granted the stenographer

a new thirty (30) day extension for the transcript. The defendants again moved for another extension on January 23, 1953, and the court granted them an additional thirty-day period. The defendants move now five days late, for a new extension in order that the stenographer may finish the aforesaid transcript.

"The Rules of Administration for the Court of First Instance of the Commonwealth of Puerto Rico took effect on February 1, 1953, and Rule 13 thereof provides that 'Except for good cause, the period of time for preparation of a transcript shall not be extended unless the interested party has deposited previously with the Secretary the fees of the stenographer within twenty (20) days after notification of the order of court.' This provision is mandatory. That is, the Court has no discretion to grant an extension of time unless there is good cause for the granting thereof.

"The court stenographer who took down the pertinent notes during the hearing of the case has informed the Court that since the original order was entered she has taken multiple steps in order that the defendants pay her or deposit in the office of the Secretary of this Court the fees to which she is entitled for the transcript of the evidence, such steps having met with no success.

"The defendants have not shown good cause for the failure to comply with Rule 13 of the Rules of Administration for the Court of First Instance of the Commonwealth of Puerto Rico.

"In view of the foregoing facts and the said Rule, the Court denies the motion for an extension of time filed by the defendants on February 28, 1953."

The defendants-appellants maintain that the appeal should not be dismissed because (1) they had reached an agreement with the stenographer as to the sum to be paid to the latter for the transcript; (2) the stenographer was unable to prepare said transcript as he was transferred to Ponce in November 1952, returning to San Juan by the end of March; (3) the court *a quo* denied the extension without giving counsel for the appellants an opportunity to be heard; and

(4) the transcript has been filed and, applying by analogy the holding of this Court in *López* v. *Andrades*, 47 P.R.R. 293, dismissal does not lie.

The fact that they had reached an agreement with the stenographer as to the amount to be paid for the transcript does not meet the requirement of Rule 13. What said Rule provides, as we have seen, is that ". . . the period of time for preparation of a transcript shall not be extended *unless* the interested party *has deposited* . . . the fees of the stenographer . . ." (Italics ours.) The transfer of the stenographer to Ponce does not justify or excuse the noncompliance with the Rule. We repeat that what the Rule requires in order that an extension be granted is that the fees of the stenographer be deposited. There is nothing to show that it would have been impossible for the stenographer to prepare such transcript, even while in Ponce, had the defendants deposited his fees and obtained the extension.

As to the third ground in opposition, it is to be presumed that the defendants-appellants set forth in the motion for an extension of time, which was not timely filed, their reasons for requesting it and that the court *a quo* considered them insufficient to excuse compliance with the Rule. If those reasons were not set forth, the court had no basis to grant the extension. Moreover, the order denying it was entered on March 9, 1953. If the defendants-appellants believed that the court *a quo* had acted hastily and without hearing them, they could have filed a motion for reconsideration setting forth whatever reasons they might have had to justify the noncompliance with the provisions of said Rule, and the granting of the extension. They did not do so. Instead, they filed the transcript on March 19, that is, eight days after the motion to dismiss had been filed, without authorization or leave therefor. In other words, upon the extension being denied, the defendants-appellants ignored it and filed the

transcript without taking any step in order to be relieved from the consequences of the order refusing the extension.[1]

■ The fact that the defendants-appellants finally filed the transcript, does not excuse them from the consequences of not having complied with Rule 13. In the first place, what we said in *López* v. *Andrades, supra*, was stated when the Rule 58 of the then Rules of this Court was still in effect. That Rule provided that in case the record on appeal was not filed in time, the appeal could be dismissed, but that "If the transcript, though not filed within the time prescribed, be on file at the time such notice is given," (referring to the notice of a motion to dismiss), "that fact shall be sufficient answer to the motion." This provision was eliminated from our Rules years ago. In the second place, if we were to accept the theory of defendants-appellants to the effect that where an extension to file the transcript is denied on the ground that Rule 13 has not been complied with, the mere filing of said transcript, even without authorization or leave of court, after an extension is denied, relieves the party from the consequences of having failed to comply with the Rule, the unavoidable result would be that we would be accepting an exception clearly incompatible with the said Rule, which would render it inoperative.

Far from having any ground to decide that the court *a quo* erred in reaching the conclusion that the defendants-appellants had not justified their failure to comply with Rule 13, what we have said in discussing their reasons for opposing the dismissal of the appeal, shows that the lower court acted correctly in so concluding.

We approved the Rules of Administration for the Court of First Instance mainly to improve the administration of

---

[1] On March 26 they filed in this Court a motion objecting to the dismissal on the grounds above stated. The plaintiff-appellee replied to this opposition, accompanying a certificate issued by the Clerk of the court *a quo* setting forth facts already mentioned in this opinion, as well as a copy of a motion filed by th plaintiff-appellee in said court praying that "the filing of the transcript of the evidence be declared invalid."

justice. This purpose is being accomplished with the decided and laudable cooperation of the judiciary and the bar. To continue giving such cooperation, as heretofore, is a civic duty, for the welfare and benefit of the community.

Said Rules could not be successful if, because of an unjust or arbitrary interpretation, they should result to be oppressive. They are drafted in such a form, that there is no reason for them to have such effect, if construed soberly, thoughtfully and fair mindedly. In our opinion, the court *a quo* followed this norm in denying the last extension requested, which denial gave rise to the motion for dismissal. Had the court granted it without the defendants having "shown good cause for the failure to comply with Rule 13," such action would have been neither sober, thoughtful nor fair.

In view of the foregoing, the motion to dismiss will be granted.

Mr. Justice Negrón Fernández with whom Mr. Justice Belaval concurs, dissenting.

I do not agree. The dismissal of this appeal, applying that part of Rule 13 of the Rules of Administration, which provides that "Except for good cause, the period of time for preparation of a transcript shall not be extended unless the interested party has deposited previously with the Secretary the fees of the stenographer within twenty (20) days after notification of the order of court," establishes a strict application test of that Rule, contrary to that which in my judgment should prevail. It has not been taken into account that this Rule, because it imposes a restriction of a financial nature in the prosecution of appeals—which, in that aspect, was not regulated previously—should be construed liberally in favor of litigants. Otherwise it might work hardships on litigants, and, more than once, result in defeating their own right to appeal. Given the inflexibility with which it has been applied here, it may be averred that said Rule will turn out to

be as good as the financial condition of the litigants will permit, or as bad as this Court, and the Court of First Instance itself, will want.

I think that the fact that the stenographer who took down the notes during the trial was transferred to Ponce in November 1952, returning to San Juan late in March, is a good cause for having failed to deposit the fees together with the motion for an extension of time. We must not lose sight of the fact that although it may not be an obstacle in many instances, in others, the work that a stenographer of a Part who is transferred to another, may have to perform in the latter Part, may cause such a delay in his work in the former Part (without our Rules of Administration containing any provision to prevent it), that it may prove not only burdensome but even unfair to oblige a litigant to deposit, under Rule 13, the stenographer's fees for a transcript that may take a substantial amount of time, said funds being thereby frozen without any immediate benefit. Such was not the purpose of Rule 13 nor was it intended to operate thus.

And, moreover, since the transcript has already been filed, I think that the appellant should not be deprived of the opportunity to have her case—in which she claims the constitutional right to a just compensation for her condemned property—decided on the merits.